UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, §
§
        Plaintiff, §
§
*versus* §    CRIMINAL CASE H-05-483
§
JOSE ALFREDO HERNANDEZ-CHACON, §
§
        Defendant. §

## Opinion on Estoppel

Because Hernandez-Chacon – an illegal alien – possessed a gun only after he received a license from the Texas Department of Public Security, he says that he is entitled to a dismissal or the defense of "entrapment by estoppel." Both are denied.

Entrapment by estoppel is a defense that allows defendants to circumvent the well-established rule that ignorance of the law is no excuse for violating it. A defendant must prove that he reasonably relied on a representation by the government that his conduct was legal when, in fact, it was not. Here, Hernandez-Chacon must show that a *federal* officer led him reasonably to believe that he lawfully could carry a gun. He cannot.

To obtain the license, Hernandez-Chacon paid the Federal Bureau of Investigation $25 for the state of Texas to get a background check. The agency's search revealed no problems, and he was able to work as a commissioned security guard. He says that because the FBI assured him that his carrying a gun was legal, the government should be estopped from pursuing the case against him.

The FBI searched criminal records and verified only that Hernandez-Chacon had no criminal history. It did not report that he was eligible to possess the gun, only that his criminal record did not preclude it. The state commission then issued the permit – apparently without questioning his citizenship.

Hernandez-Chacon could not have relied on a statement that the federal government never made.

Signed February 9, 2006, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge